**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| In the matter of )<br>)<br>MANDATORY INITIAL )<br>DISCOVERY PILOT PROJECT )<br>)<br>_____ ) | NOTICE TO PARTIES -<br>MANDATORY INITIAL DISCOVERY<br>PILOT PROJECT |

Effective May 1, 2017, this Court began participating in a Mandatory Initial Discovery Pilot ("MIDP") project approved by the Judicial Conference of the United States. This case is subject to the pilot project. The details of the MIDP are set forth in General Order 17-08, a copy of which is attached. It is the responsibility of the parties to read the General Order carefully to ensure familiarity and compliance with the requirements. Please note that the General Order was amended on November 1, 2018. The amendment eliminates the MIDP's previous requirement that parties file answers even when certain motions have been filed under Federal Rule of Civil Procedure 12, including Rule 12(b)(6). Answers – which trigger the obligation to make MIDP disclosures – are now due within the time specified in Rule 12(a). A Checklist summarizing the key features and deadlines of the MIDP is also attached to this Notice for the parties' convenience. Particular attention should be paid to the deadline for filing the initial and supplemental MIDP responses. Any party seeking affirmative relief must serve a copy of this Notice, including General Order 17-08 and the MIDP Checklist, on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served.

During the Fed. R. Civ. P. 26(f) conference, parties must discuss the MIDP responses and seek to resolve any limitations or objections they have made or intend to make in their responses. A description of the discussion regarding the MIDP responses must be included in the Rule 26(f) report to the Court.

MIDP responses are not required to be filed if the parties submit (and the Court approves) a written stipulation by all parties that no discovery will be conducted in the case. Similarly, a party may defer the submission of MIDP responses once for 30 days if all parties file a notice with the Court certifying that they are attempting to settle the case and have a good faith belief that it will be resolved within 30 days of the due date of the MIDP responses. The deadline for final supplementation of the MIDP responses normally will be stated in the Court's Case Management Order. If no deadline is stated, final supplementation must occur by the fact discovery deadline set in the Case Management Order.

A notice must be filed with the Court when filing the MIDP responses and supplements, but there is no requirement to file the documents themselves, unless there is an unresolved dispute regarding the responses and supplements that the Court must resolve during the Rule 16(b)(1) conference.

After the MIDP responses have been served, discovery under Fed. R. Civ. P. 30-36 and 45 may commence.

X FILED   __LODGED
__RECEIVED __COPY

NOVEMBER 1, 2018

CLERK US DISTRICT COURT
DISTRICT OF ARIZONA

BY *s/ M. Everette*   DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

In the matter of

MANDATORY INITIAL DISCOVERY PILOT PROJECT IN THE DISTRICT OF ARIZONA

(**AS AMENDED NOVEMBER 1, 2018**)

GENERAL ORDER 17-08

**IT IS HEREBY ORDERED**: Effective May 1, 2017, the United States District Court for the District of Arizona will begin participation in a Mandatory Initial Discovery Pilot Project approved by the Judicial Conference of the United States.

The Mandatory Initial Discovery Pilot Project applies to all civil cases filed on or after May 1, 2017, other than cases listed in Rule 26(a)(1)(B), actions under the Private Securities Litigation Reform Act ("PSLRA"), cases transferred for consolidated administration in the District by the Judicial Panel on Multidistrict Litigation, and cases under the 1980 Hague Convention on the Civil Aspects of International Child Abduction. The discovery obligations addressed in this General Order supersede the disclosures required by Rule 26(a)(1) and are framed as court-ordered mandatory initial discovery pursuant to the Court's inherent authority to manage cases, Rule 16(b)(3)(B)(ii), (iii), and (vi), and Rule 26(b)(2)(C). Unlike initial disclosures required by current Rule 26(a)(1)(A) & (C), this General Order does not allow the parties to opt out.

**A.    Instructions to Parties.**

1.    Any party seeking affirmative relief must serve a copy of the Notice to the Parties of Mandatory Initial Discovery Pilot Project, including this General Order and the

MIDP Checklist, on each new party when the Complaint, Counterclaim, Crossclaim, or Third-Party Complaint is served.

2. The parties to this litigation are ordered to provide mandatory initial discovery responses before initiating any further discovery in this case. The responses are called for by the Court, not by discovery requests actually served by an opposing party. Part B of this order sets forth the categories of information that must be provided in each party's mandatory initial discovery responses. After the mandatory initial discovery responses have been provided, additional discovery may proceed under the Federal Rules of Civil Procedure and as set forth in a case management order to be entered by the Court.

3. Each party's response must be based on the information then reasonably available to it. A party is not excused from providing its response because it has not fully investigated the case, it challenges the sufficiency of another party's response, or another party has not provided a response. Responses must be signed under oath by the party, certifying that it is complete and correct as of the time it was made based on the party's knowledge, information, and belief formed after a reasonable inquiry, and signed under Rule 26(g) by the attorney.

4. Parties must provide the requested information as to facts that are relevant to the claims and defenses in the case, whether favorable or unfavorable, and regardless of whether they intend to use the information in presenting their claims or defenses. The parties also must provide relevant legal theories in response to paragraph B.4 below. If a party limits the scope of its response on the basis of privilege or work product, the party must produce a privilege log as required by Rule 26(b)(5) unless the parties agree or the Court orders otherwise. If a party limits its response on the basis of any other objection, including an objection that providing the required information would involve disproportionate expense or burden, it must explain with particularity the nature of the objection and its legal basis, and provide a fair description of the information being withheld.

5. Parties must file answers, counterclaims, crossclaims, and replies within the time set forth in Rule 12(a). Upon a showing that a defendant cannot reasonably respond to a complaint within the time set forth in Rule 12(a), the court may, with or without awaiting a response from the opposing party, grant a one-time extension of up to 30 days to respond to the complaint.

6. A party seeking affirmative relief must serve its responses to the mandatory initial discovery no later than 30 days after the first pleading filed under Rule 12(a) in response to its complaint, counterclaim, crossclaim, or third-party complaint. A party filing a responsive pleading, whether or not it also seeks affirmative relief, must serve its initial discovery responses no later than 30 days after it files its responsive pleading under Rule 12(a). In cases removed from state court, the responses must be filed within 30 days of removal if a responsive pleading was filed in state court before removal, and within 30 days of the response date set in Rule 81(c)(2) if a responsive pleading was not filed in state court before removal. In all cases, (a) no initial discovery responses need be served if the Court approves a written stipulation by the parties that no discovery will be conducted in the case; or (b) initial discovery responses may be deferred, one time, for 30 days if the parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days of the due date for their responses, and the Court approves the deferral.

7. Unless the Court orders otherwise, initial responses and later supplements shall not be filed with the Court, but Parties shall file a notice of service of their initial responses and later supplements.

8. The duty to provide mandatory initial discovery responses set forth in this order is a continuing duty, and each party must serve supplemental responses when new or additional information is discovered or revealed. A party must serve such supplemental responses in a timely manner, but in any event no later than 30 days after the information is discovered by or revealed to the party. The Court normally will set a deadline in its Rule 16(b) case management order for final supplementation of responses, and full and complete

supplementation must occur by the deadline. If the Court fails to set a deadline, final supplementation must occur by the fact discovery deadline set by the Court in its case management order. If new information is revealed in a written discovery response or a deposition in a manner that reasonably informs all parties of the information, the information need not be presented in a supplemental response.

9. Parties should include in the Rule 26(f) report to the Court a concise description of their discussions of the mandatory initial discovery responses. The report should also include a concise description of the resolution of any limitations invoked by any party in its response, as well as any existing disagreements requiring resolution by the court. The parties shall attach the initial and supplemental responses and any other discovery requests, objections, and responses involved in any existing disagreements. During the Rule 26(f) conference, parties should discuss the mandatory initial discovery responses and seek to resolve any limitations they have made or intend to make.

10. Production of information under this General Order does not constitute an admission that information is relevant, authentic, or admissible.

11. Rule 37(b)(2) shall apply to mandatory discovery responses required by this order.

**B.     Mandatory Initial Discovery Requests.**

The parties must respond to the following Court-issued discovery requests without awaiting discovery requests from the opposing parties, and at the times set forth above.

1. State the names and, if known, the addresses and telephone numbers of all persons who you believe are likely to have discoverable information relevant to any party's claims or defenses, and provide a fair description of the nature of the information each such person is believed to possess.

2. State the names and, if known, the addresses and telephone numbers of all persons who you believe have given written or recorded statements relevant to any party's claims or defenses. Unless you assert a privilege or work product protection against disclosure under applicable law, attach a copy of each such statement if it is in your

possession, custody, or control.  If not in your possession, custody, or control, state the name and, if known, the address and telephone number of each person who you believe has custody of a copy.

3. List the documents, electronically stored information ("ESI"), tangible things, land, or other property known by you to exist, whether or not in your possession, custody or control, that you believe may be relevant to any party's claims or defenses.  To the extent the volume of any such materials makes listing them individually impracticable, you may group similar documents or ESI into categories and describe the specific categories with particularity.  Include in your response the names and, if known, the addresses and telephone numbers of the custodians of the documents, ESI, or tangible things, land, or other property that are not in your possession, custody, or control.  For documents and tangible things in your possession, custody, or control, you may produce them with your response, or make them available for inspection on the date of the response, instead of listing them.  Production of ESI will occur in accordance with paragraph C.2 below.

4. For each of your claims or defenses, state the facts relevant to it and the legal theories upon which it is based.

5. Provide a computation of each category of damages claimed by you, and a description of the documents or other evidentiary material on which it is based, including materials bearing on the nature and extent of the injuries suffered.  You may produce the documents or other evidentiary materials with your response instead of describing them.

6. Specifically identify and describe any insurance or other agreement under which an insurance business or other person or entity may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse a party for payments made by the party to satisfy the judgment.  You may produce a copy of the agreement with your response instead of describing it.

7. A party receiving the list described in Paragraph 3, the description of materials identified in Paragraph 5, or a description of agreements referred to in Paragraph

6 may request more detailed or thorough responses to these mandatory discovery requests if it believes the responses are deficient.  A party may also serve requests pursuant to Rule 34 to inspect, copy, test, or sample any or all of the listed or described items, to the extent not already produced in response to these mandatory discovery requests, or to enter onto designated land or other property identified or described.

**C.     Disclosure of Hard-Copy Documents and ESI.**

   1.     *Hard-Copy Documents*.  Hard-copy documents must be produced as they are kept in the usual course of business.

   2.     *Electronically Stored Information (ESI)*.

       a.     *Duty to Confer*.  When the existence of ESI is disclosed or discovered, the parties must promptly confer and attempt to agree on matters relating to its disclosure and production, including:

           i.     requirements and limits on the preservation, disclosure, and production of ESI;

           ii.    appropriate ESI searches, including custodians and search terms, or other use of technology assisted review; and

           iii.   the form in which the ESI will be produced.

       b.     *Resolution of Disputes*.  If the parties are unable to resolve any dispute regarding ESI and seek resolution from the Court, they must present the dispute in a single joint motion or, if the Court directs, in a conference call with the Court.  Any joint motion must include the parties' positions and the separate certification of counsel required under Rule 26(g).

       c.     *Production of ESI*.  Unless the Court orders otherwise, a party must produce the ESI identified under paragraph B.3 within 40 days after serving its initial response.  Absent good cause, no party need produce ESI in more than one form.

       d.     *Presumptive Form of Production*.  Unless the parties agree or the Court orders otherwise, a party must produce ESI in the form requested by

the receiving party.  If the receiving party does not specify a form, the producing party may produce the ESI in any reasonably usable form that will enable the receiving party to have the same ability to access, search, and display the ESI as the producing party.

DATED this 1st day of November, 2018.

                                                */s/ G. Murray Snow*
                                                G. Murray Snow
                                        Chief United States District Judge

# MANDATORY INITIAL DISCOVERY PILOT PROJECT
# CHECKLIST

☐ **Applicability of the MIDP Project General Order:**

- o Is this a civil case filed prior to May 1, 2017?
- o Is the proceeding exempt from initial disclosure under Rule 26(a)(1)(B)?
- o Is this an action under the Private Securities Litigation Reform Act?
- o Was the case transferred for consolidation by the MDL panel?

    ▪ If the answer is 'yes' to any of these questions, the case is not subject to the MIDP.

☐ **Rule 26(f) Conference:**

- o The parties must discuss the mandatory initial discovery responses, which probably will have been made by the time of the conference, and seek to resolve any disagreements on the scope of their responses.

- o The parties should include a description of their discussions, including resolved and unresolved disagreements or other discovery issues, in their Rule 26(f) report to the Court.

    ▪ Parties must file the Rule 26(f) report in the CM/ECF system using the *Rule 26(f) Report re MIDP* event under the "MIDP Filings" category.

☐ **Responsive Pleadings [answer/counterclaim/crossclaim/reply]:**

- o Must be filed within the time set in Rule 12(a).

    *Exception*: *Upon a showing that a defendant cannot reasonably respond to a complaint within the time set forth in Rule 12(a), the court may, with or without awaiting a response from the opposing party, grant a one-time extension of up to 30 days to respond to the complaint.*

☐ **Initial Discovery Responses:**

- o *Party seeking affirmative relief*: must serve its initial discovery responses and file a notice of service with the Court within <u>30 days</u> after the first responsive pleading filed in response to its complaint, counterclaim, crossclaim, or third-party complaint.

    ▪ Parties must file the notice of service in the CM/ECF system using the *Notice of Service of Mandatory Initial Discovery Responses* event under the "MIDP Filings" category.

1

- *Party filing a responsive pleading*: must serve its initial discovery responses and file a notice of service with the Court within 30 days after it files its responsive pleading.

    - Parties must file the notice of service in the CM/ECF system using the *Notice of Service of Mandatory Initial Discovery Responses* event under the "MIDP Filings" category.

        *Exceptions*: *No discovery responses required if the Court approves a written stipulation by the parties that no discovery will be conducted in the case.*

        *Deadline for serving initial discovery responses may be deferred once for 30 days if the parties jointly certify to the Court that they are seeking to settle the case and have a good faith belief that it will be resolved within 30 days of the due date for their responses.*

- Initial responses and later supplements will not be filed with the Court on the date they are served, but a notice of service must be filed with the Court.

    - Parties must file the notice of service for initial responses in the CM/ECF system using the *Notice of Service of Mandatory Initial Discovery Responses* event under the "MIDP Filings" category.

    - Parties must file the notice of service for supplements in the CM/ECF system using the *Notice of Service of Supplemental Mandatory Initial Discovery Responses* event under the "MIDP Filings" category.

        *Exception*: *Parties must file initial responses and later supplements with their 26(f) report or discovery dispute filings if there is an unresolved dispute regarding the responses or supplements that the Court must resolve.*

- Responses must be signed by the party, under oath, and by counsel under Rule 26(g).

- Limitations to scope of initial response asserted by the parties:

    - If based on a claim of privilege or work product, the party must produce a privilege log under Rule 26(b)(5).

        *Exception*: *No privilege log required if the parties agree or the Court orders otherwise.*

2

- If based on any other objection, the party's response must explain with particularity the nature of the objection and provide a fair description of the information withheld.

☐ **Electronically Stored Information (ESI):**

- If the existence of ESI is disclosed or discovered, the parties must confer and address the issues listed in ¶ (C)(2)(a)(i)-(iii) of the General Order.

- The party must produce its ESI within 40 days after serving its initial response (unless modified by the court).

    - ESI must be produced in the form requested by the receiving party, or if no form is specified, in any reasonable form that will enable the receiving party to access, search, and display the ESI.

☐ **Rule 16 Conference and Case Management Order:**

- Rule 16 conference should be held within the time specified in Rule 16(b)(2) (as soon as possible but not later than the *earlier* of 90 days after any party has been *served* or 60 days after *appearance* by any party).

- Case management order should set deadline for final supplementation of responses.

    - If the Court fails to set a deadline, final supplementation must occur by the fact discovery deadline set by the Court in its case management order.

☐ **Supplemental Responses:**

- Must be served in a timely manner, and no later than 30 days after the information is discovered or revealed. If new information is revealed in a written discovery response or a deposition in a manner that reasonably informs all parties of the information, the information need not be presented in a supplemental response. A notice of service must be filed when a supplemental response is served.